WARREN L. MERRITT vs. JOHN HOSMER.

A mortgagor who is tenant in common with the mortgagee of the mortgaged premises cannot redeem without paying the whole amount due upon the mortgage.

A mortgagor who, after entry for breach of condition, occupies the premises under an agreement to pay a stipulated rent, which he neglects to do, is entitled to redeem without paying the rent, but not to an account of the rents and profits during his occupation.

BILL IN EQUITY to redeem land in Templeton from a mortgage. The case is stated in the opinion.

*P. C. Bacon*, for the plaintiff.

*C. Devens, Jr.,* ( *G. F. Hoar* with him,) for the defendant.

DEWEY, J. The legal principles applicable to this case are very well settled. The present state of the title and interest of the plaintiff is that of an owner of one undivided eighth of the equity of redemption in the estate sought to be redeemed; he having been originally the mortgagor, and subsequently conveyed his entire interest in the equity of redemption, but afterwards acquiring by repurchase one eighth of the same. The defendant is the holder of the mortgage deed and of six eighths of the equity of redemption. As a redemption of the estate is an entirely voluntary act, the plaintiff cannot require those who own the other seven eighths of the equity to unite with him in redeeming from the mortgage; but if he elects to redeem, he must pay the whole amount due on the mortgage, and hold the same to his own use, unless those holding the other portions of the equity seek to come in and share with him, paying their proper contributory shares, which they will have the right to do. *Gibson* v. *Crehore*, 5 Pick. 152.

Nor does it vary the case, that the holder of the mortgage is also the holder of six eighths of the equity of redemption. He thereby stands in two different relations to this mortgage. As holder of the mortgage, he has the right to insist upon the payment of the whole amount due on the mortgage, and if that is not paid before a foreclosure is perfected, the entire title will be vested in him through his estate as mortgagee. He is not bound to contribute six eighths, or, in other words, to receive

two eighths of the amount due on the mortgage, and thereby let in the parties interested in the equity of redemption. As an owner of a portion of the equity of redemption, he, like the other owners of the same, is at liberty to contribute to the payment of the redemption money and share the benefits thereof or wholly to decline paying anything toward the redemption The redemption of the estate will therefore be properly authorized upon paying the amount due upon the mortgage.

As to the claim of the defendant that the plaintiff should be required to pay also a stipulated rent, under which he has been allowed to occupy the premises since the entry of the defendant for breach of the mortgage, that is not a prerequisite to the redemption of the estate. Such liability for rent at a stipulated sum was the result of a contract not under the mortgage, nor secured thereby. But the defendant will not be required to make any allowance for the rents and profits of the premises since his entry into possession for foreclosure, if in fact the plaintiff has had the occupation thereof to his own use, and without payment of any rent. The defendant will in such case be entitled to the principal and accruing interest on the debt secured by the mortgage.            *Decree for redemption.*